UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

TYRONE ADONIS,

                                          Plaintiff,

                    -against-

CITY OF NEW YORK, SEAN FLANAGAN, Individually,
FRANK RECCA, Individually, MATTHEW ROSIELLO,
Individually, and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                          Defendants.

-----------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

14 CV 4984
(ENV)(RER)

<u>Jury Trial Demanded</u>

        Plaintiff TYRONE ADONIS, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

<u>**JURISDICTION**</u>

        2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

<u>**VENUE**</u>

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff TYRONE ADONIS is a twenty-seven year old African-American man residing in Brooklyn, New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.    That at all times hereinafter mentioned, the individually named defendants, SEAN FLANAGAN, FRANK RECCA, MATTHEW ROSIELLO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On May 28, 2013, at approximately 12:20 a.m., plaintiff TYRONE ADONIS was a lawful pedestrian walking on a sidewalk and not engaged in any suspicious activity in the vicinity of Dean Street between Kingston Avenue and Brooklyn Avenue, Brooklyn, New York,.

13. Despite lacking a reasonable suspicion or justification to stop and/or arrest plaintiff, defendant NYPD Lieutenant SEAN FLANAGAN stopped ADONIS by driving his police car onto the sidewalk in front of ADONIS.

14. Defendant FLANAGAN pointed his gun at ADONIS and stated, in sum and substance, get on the fucking floor.

15. ADONIS immediately complied defendant FLANAGAN's order and went down to the ground with his chest on the ground.

16. Defendant FLANAGAN pressed his gun against the back of ADONIS'S head, grabbed ADONIS'S hands, pulled them behind his back, handcuffed ADONIS, and stated, in sum and substance, if you move an inch I'm going to blow your mother fucking brains out.

17. While ADONIS was restrained by handcuffs, multiple defendant officers, including SEAN FLANAGAN, FRANK RECCA, MATTHEW ROSIELLO, and other as of yet unidentified officers, repeatedly punched ADONIS on his face, back, and neck and kicked him on his body, or otherwise stood by and failed to intervene while this occurred in their presence.

18. The defendant officers picked ADONIS up, slammed him onto the hood of a vehicle, punched him on his face, and repeatedly punched him on his body.

3

19.     The defendant officers then threw ADONIS inside a police vehicle and transported him to the NYPD's 77th precinct stationhouse.

20.     Despite the defendants' brutal assault of ADONIS, which resulted in visible injuries, the defendants did not render or request medical attention for ADONIS.

21.     The defendants instead continued ADONIS' unlawful arrest.

22.     ADONIS was arraigned later that day on baseless charges filed in Kings County Criminal Court on docket no. 2013KN040675; said charges having been filed based on the false allegations of the defendant officers. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned acts of brutality.

23.     The defendant police officers created and manufactured false evidence against ADONIS, which defendant RECCA conveyed to the Kings County District Attorney's Office causing said evidence to be used against ADONIS in the aforementioned legal proceeding.

24.     As a result of the defendants' false allegations, ADONIS was compelled to return to court for eight court appearances, until June 19, 2014 when all the charges filed against ADONIS were adjourned in contemplation of dismissal.

25.     Defendant officers FLANAGAN, RECCA, ROSIELLO, and JOHN and JANE DOE 1 through 10 either directly participated in and/or failed to intervene in the illegal conduct described herein.

26.     Defendant Lieutenant FLANAGAN held a supervisory rank and participated in and/or otherwise oversaw and authorized the unlawful beating and arrest of plaintiff by

4

defendants RECCA, ROSIELLO, and JOHN and JANE DOE 1 through 10.

27.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees with respect to the proper use of force, the probable cause required to arrest individuals, and due to discrimination against plaintiff due to his race and/or nationality, and pursuant to a custom or practice of falsification.

28.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: the use of force; the probable cause requirement necessary to arrest individuals, and engage in a practice of falsification.

29.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     As a result of the foregoing, plaintiff TYRONE ADONIS sustained, *inter alia*,

physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff TYRONE ADONIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

6

38.     As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants arrested plaintiff TYRONE ADONIS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41.     Defendants caused plaintiff TYRONE ADONIS to be falsely arrested and unlawfully imprisoned.

42.     As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff TYRONE ADONIS'S constitutional rights.

45.    As a result of the aforementioned conduct of defendants, plaintiff TYRONE ADONIS was subjected to excessive force and sustained physical and emotional injuries.

46.    As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

47.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.    Defendants created false evidence against plaintiff TYRONE ADONIS.

49.    Defendants utilized this false evidence against plaintiff TYRONE ADONIS in legal proceedings.

50.    As a result of defendants' creation and use of false evidence, plaintiff TYRONE ADONIS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

51.    As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

52.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants issued criminal process against plaintiff TYRONE ADONIS by causing his arrest and prosecution in a criminal court.

54.     Defendants caused plaintiff TYRONE ADONIS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

55.     As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### (Failure to Intervene under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants had an affirmative duty to intervene on behalf of plaintiff TYRONE ADONIS, whose constitutional rights were being violated in their presence by other officers.

58.     The defendants failed to intervene to prevent the unlawful conduct described herein.

59.     As a result of the foregoing, plaintiff TYRONE ADONIS'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to over tight handcuffing, and compelled to appear in criminal court.

60.     As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

61.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63.    As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

64.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    The defendants falsely arrested and subjected plaintiff TYRONE ADONIS to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

66.    As a result of the foregoing, plaintiff TYRONE ADONIS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

10

67.     As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff TYRONE ADONIS'S rights as described herein.  In addition, the New York City Police Department engages in the practice of unlawfully subjecting individuals to excessive and unreasonable force; of disproportionately stopping and arresting individuals due to discrimination against them based on their race or nationality; and of falsifying, creating and manufacturing evidence.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the

11

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TYRONE ADONIS.

72.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TYRONE ADONIS as alleged herein.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff TYRONE ADONIS as alleged herein.

74.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff TYRONE ADONIS was unlawfully arrested and subjected to excessive force.

75.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TYRONE ADONIS'S constitutional rights.

76.     All of the foregoing acts by defendants deprived plaintiff TYRONE ADONIS of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from false arrest/unlawful imprisonment;

      C.    To be free from excessive force;

      D.    To be free from the failure to intervene;

      E.    To receive his right to fair trial;

      F.    To be free from malicious abuse of process; and

G.      To receive equal protection under law.

77.     As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

80.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

81.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

82.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

83.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
#### (False Arrest under the laws of the State of New York)

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

13

paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Defendants arrested plaintiff TYRONE ADONIS without probable cause.

86.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

87.     As a result of the aforementioned conduct, plaintiff TYRONE ADONIS was unlawfully imprisoned in violation of the laws of the State of New York.

88.     As a result of the aforementioned conduct, plaintiff TYRONE ADONIS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

89.     As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
#### (Assault under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     As a result of the foregoing, plaintiff TYRONE ADONIS was placed in apprehension of imminent harmful and offensive bodily contact.

92.     As a result of defendant's conduct, plaintiff TYRONE ADONIS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93.     As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to

14

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Defendants made offensive contact with plaintiff TYRONE ADONIS without privilege or consent.

96.     As a result of defendants' conduct, plaintiff TYRONE ADONIS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97.     As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

98.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Defendants issued criminal process against plaintiff TYRONE ADONIS by causing him to be arrested, arraigned and prosecuted in criminal court.

100.     Defendants caused plaintiff TYRONE ADONIS to be prosecuted in order to

obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of brutality.

101.    As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

104.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

105.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

106.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff TYRONE ADONIS.

107.    As a result of the aforementioned conduct, plaintiff TYRONE ADONIS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

108.    As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to

16

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff TYRONE ADONIS.

111.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

112.    As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Upon information and belief the defendant CITY OF NEW YORK failed to use

17

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff TYRONE ADONIS.

115.   As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

116.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

118.   As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A EIGHTEENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

119.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth

18

herein.

120.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

121.    As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

122.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.    As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

124.    As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

125.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth

herein.

126.    As a result of defendants' conduct, plaintiff TYRONE ADONIS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

127.    As a result of the foregoing, plaintiff TYRONE ADONIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff TYRONE ADONIS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 2, 2015

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff TYRONE ADONIS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

TYRONE ADONIS,

                                  Plaintiff,                14 CV 4984
                                                         (ENV) (RER)

        -against-

CITY OF NEW YORK, SEAN FLANAGAN, Individually,
FRANK RECCA, Individually, MATTHEW ROSIELLO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                   Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100